# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY AND KRISTI FREDIANELLI, | CASE NO. 12cv3080-GPC-WMC |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS** |
| vs. | [ECF No. 6] |
| SEBASTIAN MARTINEZ, | |
| Defendant. | |

On March 14, 2013, Defendant Sebastian Martinez filed a motion to dismiss Plaintiffs' complaint. (ECF No. 6.) The Court provided the hearing date of June 14, 2013. To date, Plaintiffs have not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." Ghazali, 46 F.3d at

54. Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal. Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendant's unopposed motion to dismiss. The Court's docket reflects that Plaintiff was served with a copy of the motion.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss as unopposed. See Civ. Local R. 7.1.f.3.c; see also Ghazali, 46 F.3d at 53; Holt v. I.R.S., 231 Fed. Appx. 557, 558 (9th Cir. 2007) (court did not abused its discretion in dismissing action for failure to file an opposition and rejecting pro se plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motion to Dismiss, currently set for June 14, 2013 is **VACATED**.

**IT IS SO ORDERED.**

DATED: June 6, 2013

HON. GONZALO P. CURIEL
United States District Judge