# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AND KRISTI FREDIANELLI,<br><br>Plaintiff,<br><br>vs.<br><br>SEBASTIAN MARTINEZ,<br><br>Defendant. | CASE NO. 12cv3080-GPC-WMC<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF Nos. 10, 14] |

Pending before the Court is Plaintiffs Anthony and Kristi Fredianelli ("Plaintiffs"), proceeding pro se, motion for reconsideration and motion for appointment of counsel. (Dkt. Nos. 10, 14.) For the reasons below, the Court **DENIES** both motions without prejudice.

## BACKGROUND

Plaintiffs filed this action on December 28, 2012 asserting several causes of action, including fraud in connection with identity documents, perjury, and contempt of court against Defendant Sebastian Martinez ("Defendant"). (ECF No.

1.) On March 14, 2013, Defendant Sebastian Martinez filed a motion to dismiss Plaintiffs' complaint. (ECF No. 6.) On June 6, 2013, the Court granted Defendant's motion to dismiss without prejudice for Plaintiff's failure to file an opposition. (ECF No. 7, "Order.") Plaintiffs have a filed a motion for reconsideration of the Court's Order, (ECF No. 10), a motion for the appointment of counsel. (ECF No. 14.)

**DISCUSSION**

**1. Motion for Reconsideration**

A district court may reconsider an order under either Federal Rule of Civil Procedure 59 (e) (motion to alter or amend a judgment) or Rule 60(b)(relief from judgment). Under the local rules, a party that files a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including any new or different facts and circumstances that are claimed to exist which did not exist, or were not shown, upon such prior application. L. Civ. R. 7.1.i. Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Plaintiffs primarily argue that they never received notice of Defendant's motion to dismiss, and therefore were not on notice of the need to file an opposition. (Id. at 1-2.) Upon review of the docket, there is no clear indication that Plaintiffs received proper notice of the Defendant's motion. However, this alone is insufficient to grant a motion for reconsideration. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003) (Motions for reconsideration offer an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.") The Court notes that the motion to dismiss was granted without prejudice. As such, Plaintiffs may seek leave to file an amended complaint should they choose to proceed with the case. For this reason, the Court **DENIES** Plaintiffs'

motion for reconsideration.

**2. Motion for Appointment of Counsel**

Under 28 U.S.C. § 1915(e)(1), a district court has discretion to ask counsel to represent an indigent plaintiff. *See Solis v. County of Los Angeles*, 514 F.3e 1101, 1103 (9th Cir. 2004). However, exigent circumstances must exist for the court to exercise such discretion, *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir 1991), since civil proceedings do not yield an absolute right to counsel. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994). Exigent circumstances are indicated by consideration of both the likely success of the Plaintiff's claim and the Plaintiff's capability to effectively communicate complex legal issues involved, neither of which, alone, are dispositive. *See Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989); *Terrell*, 935 F.2d at 1017.

In the present proceeding, Plaintiffs seek the appointment of counsel because they are financially indigent after having paid legal fees for more than six years in litigation related to the present matter. (ECF No. 14-1 at 2.) Plaintiffs state that although they paid the required filing fee to initiate the lawsuit, they are unable to afford continued legal representation. (Id.) Plaintiffs include a proposed motion, which Plaintiffs request be reviewed by court-appointed counsel, seeking a temporary restraining order against Defendant, leave to file an amended complaint, and joinder of claims. (ECF No. 14, Ex. A.) Having reviewed the proposed motion, the Court finds that Plaintiffs are able to articulate the legal issues involved in their case. There is no indication, however, of the likely success of the Plaintiffs's claim. Consequently, the Plaintiff has not met the requirements for appointment of counsel under 28 U.S.C. § 1915(e)(1) and the Plaintiff's Motion for Appointment of Counsel must be **DENIED WITHOUT PREJUDICE**.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** Plaintiffs' motion for reconsideration and **DENIES** Plaintiffs' motion for appointment of counsel.

**IT IS SO ORDERED.**

DATED: September 4, 2013

HON. GONZALO P. CURIEL
United States District Judge